**Faith D. BELLAMY–MOORE**

v.

**William PERRY, et al.**

**Civil Nos. JFM–94–3242, 95–1184 and 95–2305.**

United States District Court, D. Maryland.

Feb. 27, 1996.

Faith D. Bellamy, Baltimore, MD, Pro Se.

Charles Bailey and Kaye Allison, Office of the U.S. Attorney, Baltimore, MD, for defendants.

## MEMORANDUM

MOTZ, Chief Judge.

Plaintiff has brought this *pro se* action under Title VII of the Civil Rights Act of 1964, alleging that her employer, the Department of Defense, has discriminated against her in various respects. Defendants have filed a motion to dismiss or for summary judgment. After having been given numerous extensions, plaintiff has filed what can only be characterized as a disjointed response. In that response plaintiff does not submit any competent evidence contradicting the material facts upon which defendants' motion is based. Accordingly, defendants' motion will be granted.

Plaintiff makes a number of claims that are, at best, "interlocutory or immediate decisions" and thus not cognizable under Title VII. *See Page v. Bolger,* 645 F.2d 227, 233 (4th Cir.1981), *cert denied,* 454 U.S. 892, 102 S.Ct. 388, 70 L.Ed.2d 206 (1981). As to those decisions about which plaintiff complains that

are even arguably not "interlocutory or immediate," defendants have established by affidavits and supporting materials that they have submitted that the decisions were entirely proper and non-discriminatory. Plaintiff has not presented any evidence negating the bases for the decisions or showing that any comparable employees who are white, male or otherwise different from plaintiff were treated more favorably than she. Since the facts are so clear-cut and are unrebutted, I will address each of plaintiff's complaints only in the briefest terms.

1. *The June 1993 Notice of Leave Restriction.*

 The evidence establishes overwhelmingly that plaintiff was taking excessive amounts of leave and that the Notice of Leave Restriction given to her in June 1993, was entirely proper.

2. *The 1994 Performance Evaluation.*

Plaintiff has presented no evidence that the "minimally acceptable" performance evaluation that she received for 1994 was in any way discriminatory. Because of her excessive absenteeism, she could not be rated in most of the categories on the evaluation form, and she has not presented any evidence suggesting that in the one category that she was able to be measured—"receiving calls and visitors"—the "minimally acceptable" evaluation given to her was inappropriate.

3. *Suspension Without Pay on September 7, 1994.*

Plaintiff received a ten-day suspension without pay on September 7, 1994, because she had violated the terms of the June 3, 1993, Notice of Leave Restriction. The evidence establishes that plaintiff had, in fact, violated the terms of the June 3, 1993 Notice and that the suspension was entirely proper.

4. *Alleged Delay in Processing a Worker's Compensation Claim Filed by Plaintiff.*

There was, apparently, a one-week delay in the processing of a Worker's Compensation claim filed by plaintiff. Assuming

that this delay is actionable under Title VII, plaintiff has presented absolutely no evidence to suggest that the delay was a result of unlawful discrimination. Indeed, the only evidence in the record suggests that the delay was plaintiff's own fault.